**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GABRIELLA BECK<br>119 Grist Stone Way<br>Owings Mills, Maryland, 21117<br>(Baltimore County)<br><br>RONNIE MATTHEWS<br>5350 Norbeck Road<br>Rockville, Maryland, 20853<br>(Montgomery County)<br><br>and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>CURALEAF, INC.,<br>290 Harbor Drive,<br>Stamford, Connecticut, 06902<br><br>CURALEAF MD, LLC,<br>5300 Westview Drive,<br>Frederick, Maryland, 21703<br>(Frederick County)<br><br>CURALEAF COLUMBIA, LLC.<br>13520 Potomac Riding Lane,<br>Potomac, Maryland, 20850<br>(Allegany County)<br><br>  Defendants.<br>_____ | Civil Action No. 1:25-cv-741<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1. Plaintiffs Gabriella Beck and Ronnie Matthews are or were employed by the Defendants, and bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), against the Defendants on behalf of themselves and all others similarly situated because of Defendants' failure to pay wages in accordance with the FLSA,

and as a class action under Maryland common law. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.*, and under Maryland common law.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue lies within this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Gabriella Beck was employed by Defendants in the position of Store Associate—commonly referred to in the cannabis industry as a Budtender—at Defendants' Reisterstown retail location in Reisterstown, Maryland. Plaintiff Ronnie Matthews is employed by Defendants in the position of Store Associate at Defendant's Montgomery Village retail location in Gaithersburg, Maryland. Plaintiffs have given their written consent to be Party-Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Their consents are appended to this Complaint as Exhibit A. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b). Plaintiffs also bring this as a class action as behalf of themselves and the class defined below in accordance with Fed. R. Civ. P. 23 and Maryland common law.

5. Defendant Curaleaf, Inc. is a Delaware corporation registered to do business in Maryland, and headquartered at 290 Harbor Drive, Stamford, Connecticut, 06902. Curaleaf, Inc. is a wholly owned subsidiary of Curaleaf Holdings, Inc., a foreign corporation based in Vancouver, British Columbia, Canada.

6. Defendant Curaleaf MD, LLC is a Maryland corporation headquartered at 5300 Westview Drive, Suite 400, Frederick, Maryland 21703.

7. Defendant Curaleaf Columbia, LLC is a Maryland corporation headquartered at 13520 Potomac Riding Lane, Potomac, Maryland, 20850.

8. Defendants Curaleaf, Inc., Curaleaf MD, LLC, and Curaleaf Columbia LLC, (collectively "Curaleaf") can be each served through their registered agent, CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore MD 21202.

9. Defendants are each an "employer" within the meaning of 29 U.S.C. § 203(d). Defendants are each a "person" within the meaning of 29 U.S.C. § 203(a)

10. At all times material to this action, Defendants have been enterprises engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.

11. At all times material herein, Defendants have been actively conducting business in Maryland.

## FACTS

12. Curaleaf is a medical and recreational cannabis company that owns and operates cannabis dispensaries in fourteen states, including Maryland.

13. Defendants operate four stores in Maryland: Columbia, Montgomery Village, Frederick, and Reisterstown. Defendants maintain common policies and practices across all four store locations.

14. Plaintiff Beck was employed by Defendants as a Store Associate, commonly referred to as a Budtender, from April 2024 until February 2025.

15. Plaintiff Beck worked at the Reisterstown location, located at 11722 Reisterstown Road, Reisterstown, Maryland, 21136.

16. Plaintiff Matthews has been employed by Defendants as a Store Associate, from December of 2021, continuing through the present.

17. Plaintiff Matthews works at the Montgomery Village location, located at 10011 Stedwick Road, Gaithersburg, Maryland, 20886.

18. Defendants' stores sell a variety of cannabis products for recreational and medical purposes.

19. Maryland legalized the recreational sale of cannabis products on July 1, 2023.

20. Defendants' stores are each staffed by four classifications of employees: Retail or Store Associate (i.e., Budtenders), Leads, Assistant Managers, and a Store Manager. In each store, there are typically 15-18 Budtenders, and 3-4 Leads. There is typically only one Assistant Manager and one Store Manager.

21. Budtenders work on the sales floor, at the cash register, and at the drive-thru window (in stores that have them) assisting customers in the selection and purchasing of cannabis products.

22. Leads, who are referred to as Managers, supervise Budtenders, handle customer complaints, account for all the money in the registers, manage access to the vault where money and products are kept, and open and close the stores. Leads are also responsible for collecting and pooling the cash tips from the tip jars at the cash registers throughout the shift. Except in unusual and rare circumstances, leads do not assist customers with making purchases or work at registers.

23. As a Budtender, Defendants paid Plaintiff Beck at an hourly rate of $17.00 per hour. Defendants pay Plaintiff Matthews, as a Budtender, at an hourly rate of $17.75 per hour. Plaintiffs also customarily and regularly earn more than $30 per month in tips.

24. It is common in the industry for cannabis dispensary customers to leave tips, and customers at Maryland Curaleaf stores have left, and do leave, tips for Budtenders consistent with industry custom.

25. At all Maryland Curaleaf stores, each register has a tip jar in front of it where customers can leave cash tips in the jars. It is common practice at some Maryland Curaleaf stores, including the Reisterstown store, for each Budtender to have a personalized tip jar with their name on it.

26. Pursuant to company-wide policy and practice, Defendants use a mandatory tip pool system to distribute tips. Tips distributed from the tip pool are paid out to employees in their biweekly paychecks.

27. Pursuant to company-wide policy and practice, tips are pooled and divided among the Budtenders and Leads in proportion to the total number of hours each employee worked that day. Tips are paid out to employees on a biweekly basis as a part of their regular paychecks. The tip pool at each of Defendants' Maryland stores is divided and distributed to staff using the same methodology.

28. Because of how Defendants' retail stores are staffed, when the tips are distributed through the mandatory tip pool based on total hours worked, supervisors (i.e., Leads) receive a larger portion of the tips than do Budtenders, even though the Budtenders perform the customer-facing work.

5

## **COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA**

29. Defendants have violated the provisions of the FLSA, resulting in damages to Plaintiffs and those similarly situated to Plaintiffs, in the form of wrongfully withheld tips, incurred and incurring costs, and reasonable attorneys' fees.

30. As a result of the failure to pay wages in accordance with the FLSA, Plaintiffs, as well as those similarly situated to Plaintiffs, have suffered monetary damages by failing to receive their lawfully owed tips during their tenure of employment with Defendants. In addition to the amount of unpaid tips owing to the Plaintiffs and those similarly situated to the Plaintiffs, Plaintiffs and those similarly situated are also entitled to an additional amount equal to the unpaid tips as liquidated damages pursuant to 29 U.S.C. § 216(b).

31. Plaintiffs and those similarly situated to Plaintiffs are entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

32. Defendants' actions in failing to compensate Plaintiffs and other similarly situated employees of Defendant in accordance with the provisions of the FLSA were willful and not in good faith.

33. There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join. Specifically, all employees and former employees of Defendants who have been employed in the position of Store Associate/Budtender at Curaleaf stores in Maryland and who participated in a mandatory tip pool should receive notice and be given the opportunity to join the present lawsuit.

**CLASS ACTION FOR VIOLATIONS OF MARYLAND COMMON LAW**

34. Defendants have violated Maryland common law, resulting in damages to Plaintiffs and all Class Members in the form of withheld tips, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

35. The Class is defined as follows: All individuals employed by Defendants as hourly-paid Store Associates/Budtenders in Curaleaf stores in Maryland who participated in a mandatory tip pool at any time within the past three years.

36. Upon information and belief, there are in excess of 75 members of the Class. Thus, the Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' work and payroll records.

37. There are questions of law and fact common to the members of the Class, including but not limited to whether the Defendants violated Maryland common law by implementing an unlawful tip pool that includes Leads.

38. Other common questions of law and fact include, but are not limited to:

   (a) Whether the Defendants required Plaintiffs and Class Members to participate in a tip pool that unlawfully included supervisors;

   (b) Whether Defendants were unjustly enriched by their practices; and

   (c) Whether as a result of violations of Maryland common law, Plaintiffs and the members of the Class are also entitled to an award of attorneys' fees.

39. The claims of Plaintiffs Beck and Matthews are typical of all members of the Class. Plaintiffs Beck and Matthews have the same interests in this matter as all members of the Class.

40. Plaintiffs Beck and Matthews are adequate class representatives, are committed to pursuing this action, and have retained competent counsel experienced in wage and hour law and class action litigation to represent the Class.

## **COUNT ONE**

### **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

41. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

42. At all times material herein, Plaintiffs and similarly situated Store Associates/Budtenders have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

43. Under the FLSA, an "employer may not keep tips received by its employees for any purposes, including allowing supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.50.

44. Defendants' mandatory tip pool included not only Store Associates/Budtenders, but also the leads/managers in violation of 29 U.S.C. § 203(m)(2)(B).

45. The mandatory tip pool which unlawfully included the Leads/Managers resulted in Plaintiffs and those similarly situated not being paid the full amount of tips owed to them pursuant to the FLSA.

46. Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

47. As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which the

Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

48. The employment and work records for the Plaintiffs and similarly situated employees are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to them and to those similarly situated. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' and similarly situated persons' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## COUNT TWO

### UNJUST ENRICHMENT

49. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

50. Plaintiffs and the Class are entitled to retention of all of the tips paid to them by customers.

51. Defendants failed to properly account for the tips paid to Plaintiffs and the Class and retained the fruits of the labor of Plaintiffs and the Class, and retained the monies that should have been paid to Plaintiffs and the Class as tips.

52. Defendants were unjustly enriched by their refusal to pay Plaintiffs and the Class all tips owed and have benefited at their expense.

53. Defendants should be required to disgorge this unjust enrichment.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court grant relief against the Defendants as follows:

(a)  Enter a declaratory judgment declaring that the Defendants have willfully and

wrongfully violated Plaintiffs' statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b) Order a complete and accurate accounting of all the compensation to which Plaintiffs, all others who are similarly situated are entitled and the Class Members are entitled;

(c) Award Plaintiffs, and all others who are similarly situated, monetary damages under the FLSA in the form of back pay compensation and benefits; unpaid entitlements; and liquidated damages equal to their unpaid compensation;

(d) Award Plaintiffs, and all Class Members, monetary damages under Maryland common law, in the form of back pay compensation and benefits, and interest;

(e) Award Plaintiffs, all those similarly situated, and all Class Members, their reasonable attorneys' fees to be paid by the Defendants, and the costs and disbursements of this action; and

(f) Grant such other legal and equitable relief as may be just and proper.

## **JURY TRIAL DEMAND**

Plaintiffs hereby demand a jury trial in this action.

Dated: March 6, 2025                    Respectfully submitted,

*/s/ Molly A. Elkin*
Molly A. Elkin (ID No. 9312140207)
Sarah M. Block (*pro hac vice to be submitted*)
Rachel Lerner (*pro hac vice to be submitted*)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW, Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
smb@mselaborlaw.com
rbl@mselaborlaw.com

*Attorneys for Plaintiffs*