IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GABRIELLA BECK, et al. on behalf of )
themselves and all others similarly situated, )
                              )
       Plaintiffs, )
                              )
v.                                )     Case No. 1:25-cv-00741-CJC
                              )
CURALEAF, INC., et al.,            )
                              )
       Defendants.            )

## DEFENDANTS' ANSWER TO PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT

Defendants, Curaleaf, Inc., Curaleaf MD, LLC, and Curaleaf Columbia, LLC (collectively "Defendants"), by counsel, answer the Plaintiffs' Collective and Class Action Complaint as follows:

1. Plaintiffs Gabriella Beck and Ronnie Matthews are or were employed by the Defendants, and bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), against the Defendants on behalf of themselves and all others similarly situated because of Defendants' failure to pay wages in accordance with the FLSA, and as a class action under Maryland common law. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.*, and under Maryland common law.

**ANSWER:** Defendants admit that Plaintiffs are or were employed by Defendants and have made claims that arise under the cited statutes. Defendants deny all allegations of wrongdoing, deny liability under the cited statutes, deny that class or collective treatment is appropriate, and deny any remaining allegations in Paragraph 1.

1

## JURISDICTION AND VENUE

2.    Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. §1367(a).

**ANSWER:**    Defendant does not contest jurisdiction.


3.    Venue lies within this district pursuant to 28 U.S.C. § 1391.

**ANSWER:**    Defendant does not contest venue.


## PARTIES

4.    Plaintiff Gabriella Beck was employed by Defendants in the position of Store Associate—commonly referred to in the cannabis industry as a Budtender—at Defendants' Reisterstown retail location in Reisterstown, Maryland.  Plaintiff Ronnie Matthews is employed by Defendants in the position of Store Associate at Defendant's Montgomery Village retail location in Gaithersburg, Maryland.  Plaintiffs have given their written consent to be Party-Plaintiffs in this action pursuant to 29 U.S.C. § 216(b).  Their consents are appended to this Complaint as Exhibit A.  Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b).  Plaintiffs also bring this as a class action as behalf of themselves and the class defined below in accordance with Fed. R. Civ. P. 23 and Maryland common law.

**ANSWER:**    Defendants admit Plaintiff Gabriella Beck was employed in the position of Store Associate at the Reisterstown location, Plaintiff Ronnie Matthews is employed in the position of Store Associate at the Montgomery Village location, and that Exhibit A to Plaintiff's Complaint are consents for the named Plaintiffs in this matter.  Defendants admit that Plaintiffs bring this

action as a purported class action on behalf of themselves and those they allege are similarly situated, but deny that class or collective treatment is appropriate and deny all allegations of wrongdoing.

5.      Defendant Curaleaf, Inc. is a Delaware corporation registered to do business in Maryland, and headquartered at 290 Harbor Drive, Stamford, Connecticut, 06902.  Curaleaf, Inc. is a wholly owned subsidiary of Curaleaf Holdings, Inc., a foreign corporation based in Vancouver, British Columbia, Canada.

**ANSWER:**    Defendants admit the allegations in Paragraph 5.

6.      Defendant Curaleaf MD, LLC is a Maryland corporation headquartered at 5300 Westview Drive, Suite 400, Frederick, Maryland 21703.

**ANSWER:**    Defendants admit the allegations in Paragraph 6.

7.      Defendant Curaleaf Columbia, LLC is a Maryland corporation headquartered at 13520 Potomac Riding Lane, Potomac, Maryland, 20850.

**ANSWER:**    Defendants admit the allegations in Paragraph 7.

8.      Defendants Curaleaf, Inc., Curaleaf MD, LLC, and Curaleaf Columbia LLC, (collectively "Curaleaf") can be each served through their registered agent, CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore MD  21202.

**ANSWER:**    Defendants admit the allegations in paragraph 8.

9.    Defendants are each an "employer" within the meaning of 29 U.S.C. § 203(d). Defendants are each a "person" within the meaning of 29 U.S.C. § 203(a).

**ANSWER:**    Paragraph 9 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 9.

10.    At all times material to this action, Defendants have been enterprises engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.

**ANSWER:**    Paragraph 10, at least in part, states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11.    At all times material herein, Defendants have been actively conducting business in Maryland.

**ANSWER:**    Defendants admit the allegations in Paragraph 11.

## FACTS

12.    Curaleaf is a medical and recreational cannabis company that owns and operates cannabis dispensaries in fourteen states, including Maryland.

**ANSWER:**    Defendants admit the allegations in Paragraph 12.

13.    Defendants operate four stores in Maryland: Columbia, Montgomery Village, Frederick, and Reisterstown.  Defendants maintain common policies and practices across all four store locations.

**ANSWER:**    Defendants admit they operate four stores in Maryland: Columbia, Montgomery Village, Frederick, and Reisterstown.  Defendants lack knowledge or information sufficient to form a response as to the remaining allegations in Paragraph 13 as "common policies and practices" is undefined.  Answering further, Defendants admit they maintain corporate-issued policies across the aforementioned store locations, however each store's implementation of these policies may vary, as each location has individual policies and/or practices applicable to that location.

14.    Plaintiff Beck was employed by Defendants as a Store Associate, commonly referred to as a Budtender, from April 2024 until February 2025.

**ANSWER:**    Defendants admit the allegations in Paragraph 14.

15.    Plaintiff Beck worked at the Reisterstown location, located at 11722 Reisterstown Road, Reisterstown, Maryland, 21136.

**ANSWER:**    Defendants admit the allegations in Paragraph 15.

16.    Plaintiff Matthews has been employed by Defendants as a Store Associate, from December of 2021, continuing through the present.

**ANSWER:**    Defendants admit the allegations in Paragraph 16.

17.     Plaintiff Matthews works at the Montgomery Village location, located as 10011 Stedwick Road, Gaithersburg, Maryland, 20886.

**ANSWER:**     Defendants admit the allegations in Paragraph 17.


18.     Defendants' stores sell a variety of cannabis products for recreational and medical purposes.

**ANSWER:**     Defendants admit the allegations in Paragraph 18.


19.     Maryland legalized the recreational sale of cannabis products on July 1, 2023.

**ANSWER:**     Paragraph 19 states a legal fact to which no response is required. To the extent an answer is required, Defendants admit the allegations in Paragraph 19.


20.     Defendants' stores are each staffed by four classifications of employees:  Retail or Store Associate (i.e., Budtenders), Leads, Assistant Managers, and a Store Manager.  In each store, there are typically 15-18 Budtenders, and 3-4 Leads.  There is typically only one Assistant Manager and one Store Manager.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a response as to the allegations in Paragraph 20 as "classifications of employees" is undefined.  Answering further, Defendants admit that these, or similar, titles or categories of employees are applicable to Defendants' Maryland stores.  Answering further, actual employee numbers change based on business needs and are dependent on the needs of each individual store. Answering still further, the numbers provided are, *generally*, accurate, however each store generally has two Assistant Managers and one Store Manager, which make up the store's management personnel.

21.    Budtenders work on the sales floor, at the cash register, and at the drive-thru window (in stores that have them) assisting customers in the selection and purchasing of cannabis products.

**ANSWER:**    Defendants admit that the business practices outlined in Paragraph 21 are, generally, accurate but deny that these practices were in place or followed at all times in the relevant period.

22.    Leads, who are referred to as Managers, supervise Budtenders, handle customer complaints, account for all the money in the registers, manage access to the vault where money and products are kept, and open and close the stores.  Leads are also responsible for collecting and pooling the cash tips from the tip jars at the cash registers throughout the shift.  Except in unusual and rare circumstances, leads do not assist customers with making purchases or work at registers.

**ANSWER:**    Defendants deny the allegations in Paragraph 22. Answering further, the allegations in Paragraph 22 present non-comprehensive and incomplete descriptions of Leads, whose duties include some, but not all, of the items mentioned in Paragraph 22 and whose duties vary from store to store based on an individual's experience and the store's needs.

23.    As a Budtender, Defendants paid Plaintiff Beck at an hourly rate of $17.00 per hour. Defendants pay Plaintiff Matthews, as a Budtender, at an hourly rate of $17.75 per hour.  Plaintiffs also customarily and regularly earn more than $30 per month in tips.

**ANSWER:**    Defendants admit Plaintiff Beck was paid an hourly rate of $17.00. Defendants deny the remaining allegations in Paragraph 23.  Answering further, Plaintiff Matthews is paid an

hourly rate of $18.75 and tip amounts varied based on numerous factors. Defendants deny any remaining allegations and implications of Paragraph 23 of the Complaint.

24.    It is common in the industry for cannabis dispensary customers to leave tips, and customers at Maryland Curaleaf stores have left, and do leave, tips for Budtenders consistent with industry custom.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a response to the allegations in Paragraph 24, as what is "common in the industry" is subject to interpretation and undefined.  To the extent a response is required, Defendants admit that customers leave tips at Maryland Curaleaf stores and deny the remaining allegations in Paragraph 24 and all allegations of wrongdoing.

25.    At all Maryland Curaleaf stores, each register has a tip jar in front of it where customers can leave cash tips in the jars.  It is common practice at some Maryland Curaleaf stores, including the Reisterstown store, for each Budtender to have a personalized tip jar with their name on it.

**ANSWER:**    Defendants admit that each register at the Maryland stores has one or more tip jars. Defendants deny that any Budtender has a "personalized tip jar."

26.    Pursuant to company-wide policy and practice, Defendants use a mandatory tip pool system to distribute tips.  Tips distributed from the tip pool are paid out to employees in their biweekly paychecks.

**ANSWER:**    Defendants admit that the practices alleged in Paragraph 26 are, generally, accurate but present a simplified portrayal of a complex tipping policy and system. Answering further, Defendants deny the remaining allegations in Paragraph 26 and deny all allegations of wrongdoing.

27.    Pursuant to company-wide policy and practice, tips are pooled and divided among the Budtenders and Leads in proportion to the total number of hours each employee worked that day. Tips are paid out to employees on a biweekly basis as a part of their regular paychecks. The tip pool at each of Defendants' Maryland stores is divided and distributed to staff using the same methodology.

**ANSWER:**    Defendants admit that the practices alleged in Paragraph 27 are, generally, accurate but present a simplified portrayal of a complex tipping policy and system. Answering further, Defendants deny the remaining allegations in Paragraph 27 and deny all allegations of wrongdoing.

28.    Because of how Defendants' retail stores are staffed, when the tips are distributed through the mandatory tip pool based on total hours worked, supervisors (i.e., Leads) receive a larger portion of the tips than do Budtenders, even though the Budtenders perform the customer-facing work.

**ANSWER:**    Defendants deny the allegations in Paragraph 28.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA

29.    Defendants have violated the provisions of the FLSA, resulting in damages to Plaintiffs and those similarly situated to Plaintiffs, in the form of wrongfully withheld tips, incurred and incurring costs, and reasonable attorneys' fees.

**ANSWER:**    Paragraph 29 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations of wrongdoing, deny that class or collective treatment is appropriate, and deny any remaining allegations in Paragraph 29.

30.    As a result of the failure to pay wages in accordance with the FLSA, Plaintiffs, as well as those similarly situated to Plaintiffs, have suffered monetary damages by failing to receive their lawfully owed tips during their tenure of employment with Defendants.  In addition to the amount of unpaid tips owing to the Plaintiffs and those similarly situated to the Plaintiffs, Plaintiffs and those similarly situated are also entitled to an additional amount equal to the unpaid tips as liquidated damages pursuant to 29 U.S.C. § 216(b).

**ANSWER:**    Paragraph 30 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations of wrongdoing, deny that class or collective treatment is appropriate, and deny that Plaintiffs are entitled to any relief.

31.    Plaintiffs and those similarly situated to Plaintiffs are entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

**ANSWER:**    Paragraph 31 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations of wrongdoing, deny that class or collective treatment is appropriate, and deny that Plaintiffs are entitled to any relief.

32.     Defendants' actions in failing to compensate Plaintiffs and other similarly situated employees of Defendant in accordance with the provisions of the FLSA were willful and not in good faith.

**ANSWER:**     Paragraph 32 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations of wrongdoing, deny that class or collective treatment is appropriate, and deny any remaining allegations in Paragraph 32.

33.     There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join. Specifically, all employees and former employees of Defendants who have been employed in the position of Store Associate/Budtender at Curaleaf stores in Maryland and who participated in a mandatory tip pool should receive notice and be given the opportunity to join the present lawsuit.

**ANSWER:**     Paragraph 33, at least in part, states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action as a class action. Defendants deny that class or collective treatment is appropriate and deny all allegations of wrongdoing.

## CLASS ACTION FOR VIOLATIONS OF MARYLAND COMMON LAW

34.     Defendants have violated Maryland common law, resulting in damages to Plaintiffs and all Class Members in the form of withheld tips, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

**ANSWER:**    Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all allegations of wrongdoing, deny that class or collective treatment is appropriate, and deny any remaining allegations in Paragraph 34.

35.    The Class is defined as follows:  All individuals employed by Defendants as hourly-paid Store Associates/Budtenders in Curaleaf stores in Maryland who participated in a mandatory tip pool at any time within the past three years.

**ANSWER:**    Paragraph 35 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny all allegations of wrongdoing, deny that class or collective treatment is appropriate, and deny any remaining allegations in Paragraph 35.

36.    Upon information and belief, there are in excess of 75 members of the Class.  Thus, the Class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' work and payroll records.

**ANSWER:**    Paragraph 36, at least in part, states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action as a class action. Defendants deny that class treatment is appropriate and deny all allegations of wrongdoing.

37.    There are questions of law and fact common to the members of the Class, including but not limited to whether the Defendants violated Maryland common law by implementing an unlawful tip pool that incudes Leads.

**ANSWER:**    Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37, deny all allegations of wrongdoing, and deny that class treatment is appropriate.

38.    Other common questions of law and fact include, but are not limited to:

(a)    Whether the Defendants required Plaintiffs and Class Members to participate in a tip pool that unlawfully included supervisors;

(b)    Whether Defendants were unjustly enriched by their practices; and

(c)    Whether as a result of violations of Maryland common law, Plaintiffs and the members of the Class are also entitled to an award of attorneys' fees.

**ANSWER:**    Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38, deny all allegations of wrongdoing, and deny that class treatment is appropriate.

39.    The claims of Plaintiffs Beck and Matthews are typical of all members of the Class. Plaintiffs Beck and Matthews have the same interests in this matter as all members of the Class.

**ANSWER:**    Paragraph 39 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39, deny all allegations of wrongdoing, and deny that class treatment is appropriate.

40.    Plaintiffs Beck and Matthews are adequate class representatives, are committed to pursuing this action, and have retained competent counsel experienced in wage and hour law and class action litigation to represent the Class.

**ANSWER:**    Paragraph 40 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 40, deny all allegations of wrongdoing, and deny that class treatment is appropriate.

## COUNT ONE

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

41.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:**    Defendants incorporate all prior admissions and denials as if set forth herein.

42.    At all times material herein, Plaintiffs and similarly situated Store Associates/Budtenders have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

**ANSWER:**    Defendants admit that Plaintiffs have made claims for relief that arise under the cited statute. Defendants deny all allegations of wrongdoing, deny liability under the cited statute, deny that class or collective treatment is appropriate, and deny any remaining allegations in Paragraph 42.

43.    Under the FLSA, an "employer may not keep tips received by its employees for any purposes, including allowing supervisors to keep any portion of employees' tips."  29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.50.

**ANSWER:**    The cited statutes and regulations speak for themselves and require no response. To the extent a response is required, Defendants deny all allegations of wrongdoing.

44.    Defendants' mandatory tip pool included not only Store Associates/Budtenders, but also the leads/managers in violation of 29 U.S.C. § 203(m)(2)(B).

**ANSWER:**    Paragraph 44, at least in part, states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the tip pool includes managers, deny any implication that leads are managers, deny the allegations in Paragraph 44, deny all allegations of wrongdoing, and deny that class treatment is appropriate.

45.    The mandatory tip pool which unlawfully included the Leads/Managers resulted in Plaintiffs and those similarly situated not being paid the full amount of tips owed to them pursuant to the FLSA.

**ANSWER:**    Paragraph 45, at least in part, states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the mandatory tip pool includes managers, deny any implication that leads are managers, deny the allegations in Paragraph 45, deny all allegations of wrongdoing, and deny that class treatment is appropriate.

46.    Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

**ANSWER:**    Paragraph 46, at least in part, states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46, deny all allegations of wrongdoing, and deny that class treatment is appropriate.

47.    As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which the

Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

**ANSWER:**    Paragraph 47, at least in part, states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 47, deny all allegations of wrongdoing, and deny that class treatment is appropriate.


48.    The employment and work records for the Plaintiffs and similarly situated employees are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to them and to those similarly situated. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' and similarly situated persons' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

**ANSWER:**    Defendants admit they maintain employee records as required by law.  Answering further, Defendants deny that class treatment is appropriate and deny the remaining allegations in Paragraph 48.


## COUNT TWO

### UNJUST ENRICHMENT

49.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:**    Defendants incorporate all prior admissions and denials as if set forth herein.

50.    Plaintiffs and the Class are entitled to retention of all of the tips paid to them by customers.

**ANSWER:**    Paragraph 50, at least in part, states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 50, deny all allegations of wrongdoing, and deny that class treatment is appropriate.

51.    Defendants failed to properly account for the tips paid to Plaintiffs and the Class and retained the fruits of the labor of Plaintiffs and the Class, and retained the monies that should have been paid to Plaintiffs and the Class as tips.

**ANSWER:**    Paragraph 51, at least in part, states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51, deny all allegations of wrongdoing, and deny that class treatment is appropriate.

52.    Defendants were unjustly enriched by their refusal to pay Plaintiffs and the Class all tips owed and have benefited at their expense.

**ANSWER:**    Paragraph 52, at least in part, states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 52, deny all allegations of wrongdoing, and deny that class treatment is appropriate.

53.    Defendants should be required to disgorge this unjust enrichment.

**ANSWER:**    Paragraph 53, at least in part, states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53, deny all allegations of wrongdoing, and deny that class treatment is appropriate.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court grant relief against the Defendants as follows:

(a)    Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated Plaintiffs' statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b)    Order a complete and accurate accounting of all the compensation to which Plaintiffs, all others who are similarly situated are entitled and the Class Members are entitled;

(c)    Award Plaintiffs, and all others who are similarly situated, monetary damages under the FLSA in the form of back pay compensation and benefits; unpaid entitlements; and liquidated damages equal to their unpaid compensation;

(d)    Award Plaintiffs, and all Class Members, monetary damages under Maryland common law, in the form of back pay compensation and benefits, and interest;

(e)    Award Plaintiffs, all those similarly situated, and all Class Members, their reasonable attorneys' fees to be paid by the Defendants, and the costs and disbursements of this action; and

(f)    Grant such other legal and equitable relief as may be just and proper.

**ANSWER:**    Defendants deny all allegations of wrongdoing, deny that class or collective treatment is appropriate, and deny that Plaintiffs are entitled to any relief.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

**ANSWER:**    Defendants admit Plaintiffs demand a jury trial.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendants assert the following additional and affirmative defenses:

1.    Plaintiffs' claims are barred in whole because they fail to state a claim upon which relief can be granted.

2.    Subject to a reasonable opportunity for further investigation and discovery, Plaintiffs' claims are barred by the doctrines of waiver, laches, estoppel, and/or unclean hands.

3.    Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs, and those allegedly similarly situated, have already been fully compensated for their time worked.

4.    Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs, and those allegedly similarly situated, have already received all tipped amounts owed to them under a lawful tip-pooling policy.

5.    Any allegedly tipped amounts that were not received by Plaintiffs and those allegedly similarly situated were de minimus.

6.    At all times, Defendants acted with the good faith and reasonable belief that they were in full compliance with the FLSA and had reasonable grounds for believing they were in compliance with the FLSA; therefore penalties and liquidated damages are not warranted.

7.    The FLSA's two-year statute of limitations applies, rather than its three-year statute of limitations, because Defendants did not willfully or otherwise violate the FLSA.  As such, portions of the time period referenced in Plaintiffs' allegations are barred due to falling outside of the statute of limitations period.

8.    Named Plaintiffs are not similarly situated to the proposed collective and cannot maintain this suit as a collective action.

9.      The named Plaintiffs cannot meet the requirements of Fed. R. Civ. P. with respect to the proposed classes and cannot maintain this suit as a class action.

10.     Plaintiffs' remaining claims for damages are barred or limited by the FLSA, the U.S. Constitution, the Maryland Constitution, and/or other relevant statute, law, or regulation.

11.     Plaintiffs cannot state a legally cognizable claim for liquidated damages because no evidence exists that Defendants acted with malice or reckless indifference to Plaintiffs' rights, nor did Defendants act in a willful or wanton manner.

12.     Plaintiffs failed to allege successor liability as to dispensary locations whose assets, but not liabilities, were purchased by Defendants.

Defendants reserve the right to assert additional affirmative and other defenses that may become known in discovery or otherwise.

Dated: April 15, 2025                              Respectfully submitted,

                                                  BARNES & THORNBURG LLP

                              By:      _/s/ Kelsey A. Vincent_____
                                       Kelsey A. Vincent, No. 30599
                                       555 12th Street NW, Suite 1200
                                       Washington, D.C.  20004
                                       PH: (202) 408-6925
                                       kvincent@btlaw.com

                                       Mark W. Wallin (*admitted pro hac vice*)
                                       One N. Wacker Drive, Suite 4400
                                       Chicago, Illinois  60606
                                       PH: (312) 214-4591
                                       mark.wallin@btlaw.com

                                       Benjamin S. Perry (*admitted pro hac vice*)
                                       201 S. Main Street, Suite 400
                                       South Bend, Indiana  46601
                                       PH: (574) 233-1171
                                       benjamin.perry@btlaw.com

                                       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

 /s/ *Kelsey A. Vincent*
Kelsey A. Vincent
