IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GABRIELLA BECK, RONNIE MATTHEWS, and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 1:25-cv-741 |
| v. | )<br>)<br>) |
| CURALEAF, INC., *et al*. | )<br>) |
| Defendants. | )<br>)<br>) |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED
NOTICE PURSUANT TO 29 U.S.C. § 216(b)**

Plaintiffs Gabriella Beck and Ronnie Matthews, on behalf of themselves and all those similarly situated, respectfully submit this Reply in Support of Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) ("Notice Motion"), Dkt. 36. In this Fair Labor Standards Act ("FLSA") litigation, Plaintiffs assert that they, and all others similarly situated, were subject to a common violation of 29 U.S.C. § 203(m)(2)(B), which establishes that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips[.]" *See* Mem. Law Supp. Pls.' Mot. for Notice ("Notice Brief") at 7, Dkt. 36-1. Plaintiffs seek the issuance of court-authorized notice of this action to a putative collective of Budtenders who were employed at Defendants' four cannabis stores in Maryland.

In support of their Motion, Plaintiffs provide two declarations from current and former Budtenders, each of which establishes that Budtenders' tips are "distributed to" and "shared among" Leads. Notice Brief at Ex. A ("Beck Decl."); Notice Brief at Ex. B ("Matthews Decl."). With these declarations, Plaintiffs have met their modest burden to show that they are entitled to

1

notice. *See, e.g.*, *Williams v. Long*, 585 F. Supp. 2d 679, 685 (D. Md. 2008) (two consistent declarations asserting common violation of FLSA sufficient to authorize notice); *Gregory v. Belfor USA Grp., Inc.*, 2012 WL 3062696, at *3, *6 (E.D. Va. July 26, 2012) (same); *Li v. Escape Nails & Spa, LLC*, 2024 WL 2728497, at *3 (D. Md. May 28, 2024) (collecting cases where courts in this district have authorized notice "on the basis of a single declaration"). Because nothing in Defendants' Response (Dkt. 43, "Def. Opp.") negates Plaintiffs' showing that the putative collective members were subject to the same unlawful tip-pooling policy, which is all that is required at this stage to support conditional certification, notice is appropriate.

## I. Plaintiffs Have Met Their Modest Burden to Justify Certification and Notice

Plaintiffs and Defendants agree that to secure conditional certification and court-authorized notice, Plaintiffs only need to make a "modest showing" that they are similarly situated to the putative collective—*i.e.*, that they and the putative collective "were victims of a common policy or plan that violated the law." *See* Def. Opp. at 7-8, 12, Dkt. 43; *see also Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012) ("[C]ourts in this district have long emphasized the modest showing required . . . to obtain conditional certification."). Indeed, "[t]he submission of consistent employee declarations, like those in the instant case, has consistently been held as sufficient and admissible evidence of a policy to be considered for conditional . . . certification." *Hargrove v. Ryla Teleservs., Inc.*, 2012 WL 489216, at *8 (E.D. Va. Jan. 3, 2012). Here, Plaintiffs have submitted multiple consistent declarations attesting to Leads' participation in the tip pool and attesting to the Leads' multiple managerial duties that make them ineligible to participate in the tip pool—*i.e.*, a common unlawful policy or plan—so notice is appropriate.

Defendants' main argument against notice is that the question of whether Leads are treated as managers, and thus, whether the inclusion of Leads in the tip pool violates the FLSA, is an

2

individualized question based on the Lead and store, and therefore, allegedly, the determination cannot be done on a collective-wide basis. *See* Def. Opp. at 9-10. Despite repeatedly acknowledging that it is premature to address the merits of whether Leads are management-level employees, *see id.* at 9, 13, Defendants nevertheless assert that, **based on the merits**, the Leads do not meet the FLSA's executive exemption test so certification and notice are inappropriate. *See id.* at 13. Defendants' improper attempt to have this Court delve into the merits at this stage as to whether the Leads are, in fact, supervisors or managers is no reason to deny conditional certification to Plaintiffs.

At the conditional certification stage, the court does not "decide substantive issues," *Edwards v. Optima Health Plan*, 2021 WL 1174724, at *3 (E.D. Va. Mar. 29, 2021), "weigh the evidence, determine the credibility of witnesses, or make factual determinations," *Bobb v. FinePoints Private Duty Helathcare, LLC*, 2024 WL 1299929, at *3 (D. Md. Mar. 27, 2024) (citing *Essame v. SSC Laurel Operating Co. LLC*, 847 F. Supp. 2d 881, 825 (D. Md. 2012)). Rather, it "ascertains whether 'plaintiff has made the requisite showing, **without reference to what defendant may have sought to inject into the record.**'" *Smith v. Smithfield Foods, Inc.*, 2021 WL 6881062, at *6 (E.D. Va. Dec. 21, 2021) (quotation omitted) (emphasis supplied), *report and recommendation adopted*, *Smith v. Smithfield Foods, Inc.*, 2022 WL 407378 (E.D. Va. Feb. 9, 2022).

As such, at this stage it is not relevant whether the Leads, factually, satisfy the executive exemption test. And, even assuming *arguendo* that the determination of the managerial status of Leads is individualized—which it is not for purposes of the claims asserted in this case—this question is still, at its core, a merits question that is not an appropriately addressed now or a reason to deny conditional certification.

Because the issues that Defendants raise are inappropriate to consider at this stage, the Court should grant Plaintiffs' motion and notice should issue.

### a. Plaintiffs Have Shown that a Putative Collective of Similarly Situated Budtenders Exist

Contrary to Defendants' assertion that Plaintiffs cannot point to any policy or practice that indicates Leads operate in a central way, *see* Def. Opp. at 14, Plaintiffs have provided sufficient evidence that they and the putative collective "were victims of a common policy or plan that violated the law." *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831-32 (E.D. Va. 2008).

Defendants assert that Plaintiffs decline to address the question of what constitutes a manager or if the Leads' duties meet the threshold for them to be considered managers. *See* Def. Opp. at 9. Defendants further argue that simply asserting that the Leads are managers is not sufficient to establish that they are improperly in the tip pool. *See id.* at 11. First, Defendants are simply incorrect. Plaintiffs' Complaint contains allegations regarding the Leads' exempt job duties, *see* Compl., ¶ 22, Dkt. 1 (alleging that the Leads supervise Budtenders, handle customer complaints, account for all money in the register, collect and pool the cash tips, and do not generally assist customer), as do the multiple declarations submitted in support of Plaintiffs' Notice Motion. Beck Decl., ¶¶ 10-12 (stating that the Leads are the Budtenders supervisors, and do not assist customers, but rather account for money in the register, open and close the store, collect and pool cash tips, and are involved in the hiring, firing and promotion process); Matthews Decl., ¶¶ 10-12 (stating same). Along with assertions that these same Leads receive tips from the mandatory tip pool, and that the tip pooling policies are the same across Curaleaf stores in Maryland based on their experiences working in more than one of Defendants' retail locations, Beck Decl., ¶¶ 9, 13; Matthews Decl., ¶¶ 9, 13, Plaintiffs have provided more than the "substantial allegations" required for conditional collective certification and notice. *See Lancaster v. FQSR*, 2020 WL

5500227, at *3 (D. Md. Sept. 11, 2020); *see also Atkins v. VCE Theaters, LLC*, 2024 WL 4785336, at *4 (D. Or. Nov. 14, 2024) (finding that plaintiff sufficiently alleged a single, FLSA-violating policy where they alleged that they and other employees "were required to participate in a tip pooling policy that illegally included managers and supervisors"). Therefore, Plaintiffs sufficiently address the question of whether Leads are managerial employees such that their inclusion in the tip pool violates the FLSA, and have sufficiently asserted that this unlawful policy applies across all Curaleaf stores in Maryland.

Indeed, another court has certified a collective action of Curaleaf Budtenders across three states and multiple stores based on substantially similar FLSA allegations regarding Curaleaf's unlawful tip pooling policy. *See, e.g.*, *Heller v. Curaleaf*, 2024 WL 3201207, at *2 (N.D. Ill. June 27, 2024). Defendants assert *Heller* is inapposite because the improper tip pool at issue in that case is not at issue here. *See* Def. Opp. at 9 n.5. However, in *Heller*, the allegations regarding the stores in Arizona involved a tip pool that involved both product specialists and Leads, as is ***exactly*** the case here. *Heller*, 2024 WL 3201207, at *2. And, in conditionally certifying a collective including Arizona plaintiffs, the *Heller* Court held that there was a common policy of Curaleaf's refusal to distribute tips to employees. *Id.* at *8.[1]

Second, and as mentioned above, to the extent that Defendants assert that the Leads are not managerial employees, *see* Def. Opp. at 13, this argument is factual and merits-based, and is thus, not appropriate at this stage. "[W]hether an exemption applies requires a fact-intensive analysis," which "the record is too limited" to perform until discovery has been completed. *Robinson v. Empire Equity Grp., Inc.*, 2009 WL 4018560, at *4 (D. Md. Nov. 18, 2009). Courts have been clear

---

[1] Additionally, in *Heller*, the plaintiffs alleged that Curaleaf considers Leads as management at least for "the purpose of unionization voting." 2024 WL 3201207, at *2.

that arguments about exempt status "go[] to the merits" of the case, which is a "steep plunge" that is "inappropriate at the conditional certification stage." *Cummins v. Ascellon Corp.*, 2020 WL 6544822, at *6 (D. Md. Nov. 6, 2020); *see also, e.g.*, *Johnson v. Helion Techs., Inc.*, 2019 WL 4447502, at *6 (D. Md. Sept. 17, 2019) (explaining that exemption questions "delve too deeply into the merits of the dispute; such a steep plunge is inappropriate for the such an early stage of a FLSA collective action") (alterations omitted).

### b. *Defendants' Argument that the Question of whether Leads are Managers Require Individualized Assessments is Unavailing*

The majority of Defendants' argument against conditional certification and notice is that the Leads' job duties allegedly vary from location to location, and from Lead to Lead, such that it would require an individualized assessment into each of their job duties to determine whether they are improperly participating in the tip pool. *See* Def. Opp. at 13-14. As mentioned, this argument is inappropriate at this stage and does not defeat the fact that Plaintiffs have met their burden for conditional certification and notice.

In cases where plaintiffs claim that they were denied overtime because they were misclassified as exempt, and seek conditional certification, courts in this Circuit routinely hold that defense arguments that individualized inquiries into each employee's actual job duties are merits-based questions, and inappropriate at this initial stage of the inquiry. *See, e.g.*, *Schilling v. Schmidt Baking Co., Inc.*, 2018 WL 3520432, at *4 (D. Md. July 20, 2018) (to the extent that defendant argues "that individualized inquiries into each [employee's] actual duties are necessary to assess whether any [employees] are subject to the administrative exemption to the FLSA's overtime requirements, the potential that certain [employees] are not eligible for FLSA overtime is a merits-based question that need not be resolved at this stage"); *Rosinbaum v. Flowers Foods, Inc.*, 238 F. Supp. 3d 738, 747 (E.D.N.C. 2017) ("Where defendants oppose conditional

certification on the ground that some defenses may require a degree of individualized inquiry, defendants' opposition is unavailing.").

This is essentially the same argument Defendants make here—that the Leads' job duties are so individualized that the Court must inquire into each one individually to determine whether they qualify for the executive exemption and, as such, whether their inclusion in the tip pool is unlawful. Such a defense is unavailing and must be rejected because it is a merits argument not appropriately considered at this stage, particularly where—as here—Plaintiffs have provided sufficient evidence that the Leads in both their stores and the other stores in Maryland have managerial duties and are the same. Beck Decl., ¶ 13; Matthews Decl., ¶ 13; *Robinson v. Empire Equity Grp., Inc.*, 2009 WL 4018560, at *4 (D. Md. Nov. 18, 2009) (arguments about dissimilarities and exemptions are more appropriately raised after the factual issues are fleshed out in discovery). Thus, this Court should similarly reject the Defendants' assertions regarding the allegedly individualized nature of Plaintiffs' claims.

Moreover, despite straining to assert otherwise, Defendants admit that there are significant similarities among Leads at all Maryland stores. For example, Defendants admit there is a single Lead Job Description that applies to all Leads. *See* Def. Opp. at 5 ("The Lead Job Description, applicable to all Maryland Leads, is, generally, descriptive of the tasks expected to be completed by Leads at all Maryland Dispensaries."); *see also id.* (admitting that the Lead Job Description and "foregoing high-level description of the Leads' duties is applicable state-wide"). In addition, Defendants admit that Leads perform job duties including those relating to company finances and opening and closing the dispensary locations. *See* Def. Opp. at 13. As such, certification and notice are appropriate because Plaintiffs and putative plaintiffs at all four Maryland stores are similarly

situated in that they are subject to the same policy that violates the FLSA—they are required to share their tips with Leads who are managers or supervisors.

## II.     The Court Should Approve Plaintiffs' Notice Plan as Proposed

Significantly, Defendants do not oppose the substance or form of Plaintiffs' proposed notice, reminder notice, or text notice, Plaintiffs' proposed methods of distribution, or the production of contact information. *See* Def. Opp. at 14-15. Because Defendants have failed to object to any of these aspects of Plaintiffs' notice, any further objections should be deemed waived, and meeting and conferring regarding the notice process is unnecessary.[2] *See Alston v. Equifax Info. Servs., LLC*, 2016 WL 5231708, at *9 (D. Md. Sept. 21, 2016).

Plaintiffs' proposed notice is accurate, neutral, and informative, and Plaintiffs respectfully request that the Court approve it as proposed. *See Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 2017 WL 3841858, at *7 (M.D.N.C. Sept. 1, 2017) ("The Court has the power and duty to ensure that the notice is fair and accurate, but should only alter a plaintiff's proposed Notice when such an alteration is necessary."); *Sylvester v. Wintrust Fin. Corp.*, 2013 WL 5433593, at *6 (N.D. Ill. Sep. 30, 2013) ("Absent reasonable objections by either the defendant or the Court, plaintiffs should be allowed to use the language of their choice[.]").

Defendants' only argument as to why the notice is allegedly unreasonable is that Plaintiffs do not propose using a third-party administrator ("TPA"). *See* Def. Opp. at 15. Defendants assert that a TPA is needed to protect the privacy of employees. *Id.* However, the FLSA does not require the use of a TPA, and there is no evidence that Plaintiffs' counsel will not adequately protect the privacy of the potential opt-ins. *See, e.g.*, *Laney v. S.C. Farm Bureau Ins. Co.*, 2019 WL 13110358,

---

[2] Indeed, Defendants' own requests regarding meeting and conferring are inconsistent, asking both for a seven day and a fourteen day period to confer on a proposed notice. Def. Opp. at 14-15.

at *9 (D.S.C. Aug. 21, 2019) (finding the use of a third-party administrator not necessary); *Glennon v. Anheuser-Busch, Inc.*, 2022 WL 18584767, at *5 (E.D. Va. Sept. 21, 2022) (finding that "Defendant has not established a need for a third-party administrator to distribute notice"); *Pfeffer v. Bank of Am. Corp.*, 2024 WL 3559600, at *5-6 (W.D.N.C. July 26, 2024) ("[G]iven this Court's consistent prior practice of allowing plaintiffs' counsel to facilitate notice, the Court will allow Plaintiffs' counsel to provide notice in this case."). And, despite claiming a TPA is necessary due to efficiency, Defendants fail to explain how Plaintiffs' counsel—who are experienced FLSA attorneys and who routinely act as plaintiffs' counsel in collective action litigation—would allegedly not be able to as efficiently distribute notices as a TPA. Therefore, a TPA is not necessary, and the Court should approve Plaintiffs' proposed notice, reminder notice, text notice, consent to join form, and plan for distribution as proposed.

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) authorize the issuance of notice to the FLSA Collective, defined as "All current and former employees of Curaleaf who have been employed for any workweek as a Store Associate/Budtender at one of the Curaleaf retail locations in Maryland since [three years before the date the Court approves notice in this matter];" (2) order Defendants to produce a computer-readable data file containing names, last known mailing addresses, cell phone numbers, personal email addresses, work locations, dates of employment, and employee ID numbers; and (3) approve Plaintiffs' proposed Notice, Reminder Notice, and Consent to Join Form, and plan for distribution.

Dated: July 10, 2025

Respectfully submitted,

*/s/ Molly A. Elkin*
Molly A. Elkin (ID No. 9312140207)
Sarah M. Block *(admitted pro hac vice)*
Rachel Lerner *(admitted pro hac vice)*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW, Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
smb@mselaborlaw.com
rbl@mselaborlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, I filed the foregoing document on this Court's CM/ECF system, which will serve copies on all counsel of record.

*/s/ Molly Elkin*
Molly Elkin

10