IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GABRIELLA BECK**, *et al.*, | * |
| | * |
| **Plaintiff, on behalf of herself and others similarly situated,** | * |
| v. | *   Civil Case No. SAG-25-00741 |
| **CURALEAF, INC.**, *et al.*, | * |
| **Defendants.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Gabriella Beck and Ronnie Matthews (collectively "Plaintiffs") filed this action against Defendant Curaleaf, Inc., Curaleaf MD, LLC, and Curaleaf Columbia, LLC (collectively "Curaleaf"), alleging underpayment of wages in violation of the Fair Labor Standards Act ("FLSA"). ECF 1. A number of other plaintiffs have subsequently noticed their consent to join the lawsuit. Currently pending is Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice ("the Motion"), ECF 36. This Court has reviewed the Motion, along with Curaleaf's Opposition, ECF 43, and Plaintiffs' Reply, ECF 44. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Plaintiffs' Motion will be granted in part and deferred in part.

Plaintiffs bring their claims under the FLSA, which permits plaintiffs to maintain collective and class actions against their employer. *See* 29 U.S.C. § 216(b). Specifically, the collective action subsection provides, in relevant part:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to

become such a party and such consent is filed in the court in which such action is brought.

*Id.* Essentially, then, § 216(b) "establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008).

"Determinations of the appropriateness of conditional collective action certification and court-facilitated notice are left to the court's discretion." *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 686 (D. Md. 2010). Typically, there are two stages to the certification of a FLSA collective action: (1) the conditional certification/notice stage and (2) the decertification stage. *See Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012). In the first stage, which is the one presented here, "the court makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to putative class members would be appropriate." *Id.* (citation omitted). To permit a finding that potential class members are similarly situated, plaintiffs "need only make a relatively modest factual showing" at the notice stage. *Id.*; *see also Calderon v. Geico Gen. Ins. Co.*, Civil No. RWT-10-1958, 2011 WL 98197, at *3 (D. Md. Jan. 12, 2011) ("Because the court has minimal evidence [at this stage], this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class." (internal citations omitted)). Plaintiffs can make their modest factual showing by relying on "'[a]ffidavits or other means,' such as declarations and deposition testimony." *Butler*, 876 F. Supp. 2d at 567 (quoting *Williams v. Long*, 585 F. Supp. 2d 679, 684-85 (D. Md. 2008)). At the conditional certification stage, a plaintiff's evidence need not enable the court to determine conclusively whether a class of similarly situated plaintiffs exists. *See Randolph v. PowerComm Const., Inc.*, 7 F. Supp. 3d 561, 576 (D. Md. 2014).

2

In this case, Plaintiffs have submitted similar declarations from Beck and Matthews stating that they worked as "Budtenders" (Curaleaf's store associates) at two different Curaleaf stores in Maryland. ECF 36-3; ECF 36-4. Budtenders interacted with customers by informing them about products and assisting with their purchases. ECF 36-3 ¶¶ 4-5 The stores maintained "tip jars" in which customers could deposit tips. *Id.* ¶ 7. Under its mandatory tip policy, Curaleaf collected the tip jars but disseminated the pooled tip money not only to Budtenders, but also to the stores' "Leads." *Id.* ¶¶ 8-9. Beck and Matthews allege that "Leads" do not interact with or serve customers, and have responsibilities such as creating schedules, opening and closing the store, and being involved in hiring, firing, and promotion decisions. *Id.* ¶¶ 10-12. Beck, who worked at Curaleaf's Reisterstown store, and Matthews, who worked at Curaleaf's Gaithersburg store, allege that the tip pooling policy operated in a similar fashion in all four of Curaleaf's Maryland stores as part of centralized employment policies. *Id.* ¶¶ 1, 9, 13; ECF 36-4 ¶¶ 1, 9, 13. Plaintiffs allege that Curaleaf's actions violate the provision of the FLSA prohibiting an employer from "keep[ing] tips received by its employees for any purpose, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." ECF 36-1 at 7 (citing 29 U.S.C. § 203(m)(2)(B)).

For its part, Curaleaf contends that its Leads are not management employees. ECF 43 at 8. Each location has a store manager and two assistant store managers, who do not participate in tip pools. *Id.* at 7. Curaleaf argues that Leads' day-to-day work is essentially the same as Budtenders', with some limited additional tasks. *Id.* at 8. And Curaleaf denies that Leads perform management level duties such as hiring, firing, promotion, or scheduling. *Id.* Curaleaf also contends that Leads perform different duties in each of the four different Maryland dispensaries, precluding a finding that the employees of the four dispensaries are similarly situated. *Id.* Curaleaf acknowledges,

3

however, that it is premature to address the merits of whether Leads are management-level employees. *Id.* at 13.

This Court finds that it is premature to engage in the factual and legal disputes raised by by Curaleaf. Although Curaleaf contends that the two declarations from Beck and Matthews contain insufficient evidence (or even anecdotes) to establish that Leads complete managerial duties, this Court finds that sworn observations from the two store employees about the job duties of their co-workers suffice to meet the modest showing required for conditional certification and court-approved notice.

Conditional certification, of course, does not end the inquiry. Defendants will have the opportunity, following notice and discovery, to decertify the class. "In the second stage, following the conclusion of discovery, the court engages in a more stringent inquiry to determine whether the plaintiff class is [in fact] similarly situated in accordance with the requirements of § 216, and renders a final decision regarding the propriety of proceeding as a collective action." *Syrja*, 756 F. Supp. 2d at 686 (internal quotations and citations omitted). Defendants, through counsel, will be able to contest certification again at that stage.

Plaintiffs' motion also requests that appropriate notice be sent to the putative collective members. ECF 36 at 9-10. Plaintiffs supplied a draft notice and detailed a proposed plan for disseminating the notice. *Id.* at 9-11; ECF 36-5 to ECF 36-7. Somewhat inexplicably, Curaleaf largely declined to engage substantively with the notice and planned dissemination strategy, instead suggesting that the Court order the parties to confer about the issues. *See* ECF 43 at 18-19. That conferring should have been accomplished during the briefing stages of the pending motion so that it would be fully ready for disposition by the Court. Nevertheless, in the interest of efficiency, this Court will defer the issue of the notice and allow Curaleaf until one week from the

4

date of this Order to confer with Plaintiffs and file any substantive objections it has to the notice or dissemination plan. Plaintiffs will then be afforded one week to respond.

For the reasons set forth above, Plaintiffs' Motion for Conditional Certification, ECF 36, will be GRANTED in that conditional certification is approved. The issue of the notice will be DEFERRED pending further filings as explained herein.  A separate Order follows.

Dated: August 13, 2025                              /s/
                                               Stephanie A. Gallagher
                                               United States District Judge